UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Vernon Robert Ancrum, <br> Debtor <br> <br> Fay Servicing, LLC as servicer for LSF9 Master Participation Trust, Movant <br> v. <br> <br> Vernon Robert Ancrum <br> Angela Ancrum-Co-Debtor <br> Scott F. Waterman- Trustee, <br> Respondents | Case No..: 21-11568-amc <br> <br> Chapter: 13 <br> <br> Judge: Ashely M. Chan <br> <br> Hearing Date: December 1, 2021 at 11:00 am <br> <br> Objection Deadline: November 22, 2021 |

## MOTION FOR RELIEF FROM THE
## AUTOMATIC STAY AND RELIEF FROM THE CO-DEBTOR STAY

Fay Servicing, LLC as servicer for LSF9 Master Participation Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1), vacating the automatic stay and co-debtor stay pursuant to 11 U.S.C. § 1301 to permit Movant to enforce its mortgage on the Debtor's premises located at 419 W Earlham Terrace, Philadelphia, PA 19144 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. Movant is the holder of a Note executed by the Debtor and Co-Debtor and dated January 26, 2007, whereby the Debtor promised to repay $67,500.00 plus interest to Fremont Investment and Loan (the "Original Lender"). To secure the repayment of the Note, the Debtor and Co-Debtor executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Original Lender, encumbering the Property, which was recorded in Recorder of Deeds Office in Philadelphia County, Pennsylvania as Document ID: 51630472. The Mortgage

was ultimately assigned to Movant by an Assignment of Mortgage. The Debtor and Co-Debtor entered into a Loan Modification Agreement with JPMorgan Chase Bank, N.A. effective July 1, 2011 that created a new principal balance of $65,627.03. A copy of the Note, Mortgage, Assignments of Mortgage and Loan Modification Agreement are attached hereto as "**Exhibit A**."

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on May 31, 2021.

3. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, the Mortgage remains post-petition due for the payment of August 1, 2021.

6. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

7. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

8. Plaintiff incurred attorney's fees in the amount of $1,050.00 and filing costs of $188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

9. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests

that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

11. In addition, Movant requests an Order allowing Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtor without further order of the court.

10. Movant may be irreparably harmed by the continuation of the Co-Debtor stay absent payments from the Debtor or Co-Debtor. Accordingly, the Co-Debtor stay should be modified pursuant to 11 U.S.C. § 1301(c)(3) and Movant should be permitted to proceed against the Co-Debtor, Angela Ancrum.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1); vacating the co-debtor stay of 11 U.S.C. § 1301 and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: November 8, 2021

By: /s/ *Lorraine Gazzara Doyle*
Lorraine Gazzara Doyle, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 230
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com